```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,       :

      Plaintiff,              :

  v.                            :   Case No. 2:05-cr-0122

Mulunas Nomost Jackson,         :   JUDGE GRAHAM

      Defendant.              :

DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on July 7, 2006.  Following the hearing, the Court ordered the defendant detained pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted in this Court on May 10, 2005, and charged with the possession of a firearm by a convicted felon on December 15, 2004.  The United States' request for detention of this defendant is evaluated under the following standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, inter alia, a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the

1

community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The facts pertinent to detention are set forth in the Pretrial Services Report.  According to that Report, the defendant has a criminal record dating back to 1989.  His first felony convictions occurred on February 4, 1992 when he was

2

convicted after a jury trial of drug abuse and aggravated trafficking in drugs.  He received a total of two years in jail on those offenses and was sentenced at the same time for a separate misdemeanor offense of attempted drug abuse.  In a prior case involving a resisting arrest charge, two separate bench warrants were issued for his appearance, and in the possession of drugs case, he failed to appear for arraignment.

After his felony convictions, the defendant was arrested in 1993 for carrying a concealed weapon and having a weapon under a disability.  He failed to appear for trial and sentencing in connection with that case and ultimately pleaded guilty, receiving a one-year jail term.  He was separately prosecuted for failing to appear on a recognizance bond and pleaded guilty to a lesser included offense of attempted failure to appear for which he received six months in jail.

Defendant was again indicted in 1994 for carrying a concealed weapon and having a weapon under a disability.  He pleaded guilty to those charges and received a one-year jail term.  He also failed to appear for trial in that case.  He was again prosecuted for failure to appear on a recognizance bond and pleaded guilty in 1996 to a lesser included offense.  He failed to appear for a pretrial hearing in an assault case in 1994 as well.

For the third time after incurring felony convictions, defendant was arrested in 1997 for having a weapon under a disability and carrying a concealed weapon.  He was found guilty in 1998 following a jury trial and received more prison time.  In 2000, he was convicted of felonious assault and again sentenced to prison, with an additional year added to his sentence for the use of a firearm.  After being released from that jail term and placed on post-release control, he was declared a parole violator at large and ultimately received an unfavorable release.  He was

under that parole supervision when he allegedly committed the instant offense.  He was again charged with weapons offenses in 2005 but ended up pleading guilty to felony possession of drugs, receiving another one-year jail sentence.  He failed to appear for arraignment in that case as well.

Additional factors set forth in the Pretrial Services Report are not particularly favorable to release.  The defendant does not have a strong history of employment.  He does, however, have family ties to the community, including his mother, siblings, and five children.  His mother offered to allow him to live at her home under electronic monitoring if he were to be released.

Two of the matters which the courts are, by statute, especially concerned about in terms of pretrial release are the possession and use of weapons and a defendant's appearance in Court.  This defendant has indicated a complete disregard for the illegality of his possession of weapons, and there is probable cause to believe that he illegally possessed a weapon while on parole.  Further, he has an abysmal history of court appearances, not only having failed to appear on a number of occasions but having been charged and convicted twice of offenses relating to his failure to appear.  In the Court's view, there are no conditions of release or no combination of conditions of release which would guard against the danger to the community or the risk of flight or non-appearance posed by this defendant.  Consequently, he was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp

4

                        United States Magistrate Judge